ORIGINAL

FILED
Clerk
District Court

JUL 2 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Robert Tenorio Torres
Attorney at Law
1st Floor, D'Torres Bldg.,
P.O. Box 503758
Saipan, MP 96950

Tel: (670) 233-7859
Fax. (670) 233-5749

Attorney for Xiao Jun Dai, Defendant

# IN THE DISTRICT COURT FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA | Criminal Case No. 05-00022 |
|---|---|
| Plaintiff, | |
| vs. | APPLICATION FOR BAIL MODIFICATION |
| XIAO JUN DAI | |
| Defendant | |

Comes now, Mr. Xiao Jun Dai, through his counsel Robert T. Torres, Esq., in the above matter and respectfully shows this Court as follows:

1. Mr. Dai remains confined by the federal authorities since his arrest on June 29, 2005.

2. Having applied unsuccessfully for bail, he herewith applies for bail modification pursuant to 18 U.S.C. § 3142 and Fed. R. Crim. P. 46.

3. Under 18 U.S.C. § 3142(c), a person is entitled to be released pending trial subject to reasonable conditions that the court may impose to assure the appearance of the person as required by the court and the safety of any other person and the community.

7

1  Bail is basic to our system of law as every person is presumed innocent until proven

2  guilty.  *See* Herzon v U.S., supra, 75 S. Ct.. 349, 351 (1955), Taylor v. Kentucky, 436

3  U.S. 478, 98 S. Ct. 1934 (1978) .  Holding Mr. Dai with no bail before conviction would

4  be considered preconviction punishment that violates due process of law and serves no

5  useful legal purpose.  Indeed, under 18 U.S.C. § 3142(c)(2), the court is barred from

6  imposing financial conditions that would result in the pretrial detention of the defendant.

7      4.  Mr. Dai is neither a danger to the community nor a flight risk.  He has resided

8  on Saipan since 1996 and has had no criminal history prior to this matter.   Currently

9  employed at Liao Ti Travel Agency, Mr. Dai owns an apartment in the Garapan area.  *See*

10  18 U.S.C. § 3142 (c)(B)(ii).  His substantial ties to the community and the absence of any

11  prior criminal record demonstrate that he will remain in the Commonwealth of the

12  Northern Mariana Islands and will not pose as a danger to anyone.

13      5.  To further support this application, Mr. Dai has identified his longtime friend

14  Rongshan Cui as a person who the court may designate to assume custody of Mr. Dai.

15  Mr. Cui has known Mr. Dai for nearly nine years and is able, willing, and competent to

16  serve as the third party custodian.  The supervision under the third party custodian is an

17  additional safeguard that Mr. Dai has voluntarily agreed to subject himself to assure the

18  court that he intends to remain in Saipan and to comply with the terms of his release.  *See*

19  18 U.S.C. § 3142(c)(B)(i).

20      6.  Mr. Dai is also petitioning to post bail in the sum of $8,000.00.  *See* 18 U.S.C.

21  § 3142(c)(B)(xii).  Part of the bail, specifically $4,000.00, shall be from the cash in U.S.

22  currency taken on the day of his arrest that rightfully belongs to Ms. Senhua Yang.  (*See*

23  Yang Decl. ¶¶ 8, 9, and 10).  The other remaining $4,000.00 will be taken from Mr. Dai's

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

bank account.  No reasonable person in Mr. Dai's circumstances would consider forfeiting this substantial bail amount part of which constitutes one's entire savings.

7. The foregoing conditions along with electronic monitoring and the requirement that a land line telephone be available at the custodial home, and any other condition that the court may impose as enumerated under § 3142(c)(1)(B) are more than adequate to ensure Mr. Dai's presence in this jurisdiction and guarantee the safety of any other person and the community.

For the foregoing reasons, Mr. Dai respectfully requests bail be modified to allow his release pending trial subject to the conditions set forth above.

Respectfully submitted this 21st day of July, 2005.

for
Robert T. Torres, F0197
Attorney for Defendant

Robert Tenorio Torres
Attorney at Law
1st Floor, D'Torres Bldg.,
P.O. Box 503758
Saipan, MP 96950

Tel: (670) 233-7859
Fax. (670) 233-5749

Attorney for Xiao Jun Dai, Defendant

# IN THE DISTRICT COURT FOR THE
# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>vs.<br><br>XIAO JUN DAI<br><br>    Defendant | Criminal Action No. 05-00022<br><br>DECLARATION OF SENHUA YANG |

## DECLARATION

I, Senhua Yang, a.k.a. Sasa, hereby affirm the following:

1. I am over 18 years old.

2. I am a citizen of the People's Republic of China.

3. I have been residing in Saipan since 2002.

4. I am presently working as Assistant Manager of Liao Ti Corporation located in Garapan, Saipan.

5. I have worked at Liao Ti for a year and a half.

6. I am the girlfriend of Xiao Jun Dai.

7. Mr. Dai and I lived in an apartment located near Dai Ichi Hotel in Garapan, Saipan.

8. On June 29, 2005, government agents took from the apartment an estimated $4,000.00 in U.S. currency and an estimated ¥150,000 in Japanese currency that belongs to me.

9. That money is my savings that I have been setting aside from my salary.

10. I had taken the money out of my savings account because I was scheduled to leave for China for vacation.

I declare and affirm the foregoing to be true and make such affirmation under the penalty of perjury on Commonwealth of the Northern Mariana Islands.

Date: 7/20/05

Sen Hua Yang
Sen Hua Yang

### VERIFICATION OF TRANSLATION

I, Norman Xing, have translated the foregoing to Sen Hua Yang in the Mandarin language in the Law Office of Robert T. Torres, Attorney at Law, Saipan, CNMI, on July 20, 2005.

Date: 7-20-05


Norman Xing