F I L E D
Clerk
District Court

# MINUTES OF THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

SEP 1 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

********************************************************************

CR-05-00022                                                September 19, 2005
                                                           9:00 a.m.

### UNITED STATES OF AMERICA -vs- DAI XIAO JUN

PRESENT:   HON. ALEX R. MUNSON, CHIEF JUDGE PRESIDING
           K. LYNN LEMIEUX, DEPUTY CLERK
           SANAE SHMULL, COURT REPORTER
           JAMIE BOWERS, ASSISTANT U.S. ATTORNEY
           ROBERT TORRES, ATTORNEY FOR DEFENDANT
           DAI XIAO JUN, DEFENDANT

PROCEEDINGS:   BAIL MODIFICATION HEARING

Defendant **DAI XIAO JUN** appeared with retained counsel, Attorney Robert Torres. Government was represented by Jamie Bowers, AUSA. Also present were U.S. Probation Officer Margarita Wonenberg.

Norman Xing was present and sworn as interpreter/translator of the Mandarin language.

Attorney Torres moved for modification of bail and called potential third-party custodian:

**CUI RONG SHAN**. DX. CX. RDX.

Court announced a tentative ruling after hearing the testimony from the potential third-party custodian and listed the proposed conditions to be set.

Attorney Torres renewed his motion for modification of bail and requested that some of the tentative conditions be modified. Government, after hearing the tentative ruling, stated that they had no further argument.

Court ordered that the defendant could be released on the following conditions:

1. That the defendant be released to a third-party custodian, CUI RONG SHAN;

2. That the defendant post **$50,000 cash** for bail;

3. That the defendant shall report immediately to the Probation Office for pretrial services supervision;

    4. That the defendant surrender any passport to the Clerk of Court and that he shall not obtain any other passport or travel documents;

    5. That the defendant notify the court, his attorney, the U.S. Marshal and the U.S. Probation Office in writing before relocating his residence;

    6. That the defendant shall refrain from possessing a firearm or other dangerous weapon and he shall not have such weapon at his residence;

    7. That the defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner;

    8. That the defendant shall submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency up to eight times a month and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibitive substance screening or testing;

    9. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency of any prohibited substance testing or electronic monitoring which are required as a condition of release;

    10. That the defendant shall participate in a home confinement program and abide by all of the requirements of the program which will include electronic monitoring or other location verification system. Defendant shall pay for the costs of the program. The defendant shall be restricted to his residence 24 hours a day; and

    11. That the defendant shall not leave the island of Saipan without prior written approval from the Court.

    Defendant was remanded into the custody of the U.S. Marshal.

    Adj. 10:30 a.m.

K. Lynn Lemieux, Courtroom Deputy