Robert Tenorio Torres
Attorney at Law
1st Floor, D'Torres Bldg.,
P.O. Box 503758
Saipan, MP 96950

Tel: (670) 233-7859
Fax. (670) 233-5749

Attorney for Defendant DAI, Xiao Jun:

# UNITED STATES DISTRICT COURT
# NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAI, Xiao Jun<br><br>Defendant. | Criminal Case No. 05-00022<br><br><br>DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO SUPPRESS<br><br>Hearing Date: November 10, 2005<br>Time: 9 am |
|---|---|

Defendant Dai, Xiao Jun, through counsel Robert T. Torres, hereby sets forth his reply in support of his Motion to Suppress and in response to the Government's Opposition to Defendant's Motion to Suppress. For the reasons set forth below and in addition to Defendant's memorandum in support of his motion, the motion to suppress should be granted.

Inasmuch as the Government claims Defendant has not indicated what evidence he wishes to suppress, Defendant must oblige and assist the Government: all evidence obtained from the illegal entry into Defendant's apartment on June 29, 2005. This includes all evidence obtained after the illegal entry; all evidence obtained pursuant to the search warrant as this evidence was a product of the fruit of the poisonous tree to wit: an illegal search and seizure.

### THE MOTION TO SUPPRESS IS TIMELY AND PERMISSIBLE

The Motion to Suppress is timely and was not restricted to filing before August 12, 2005. The Government's minor argument on this point illustrates that its assertions are not well-taken. On August 11th the parties entered into a stipulation requesting a hearing on a waiver of Defendant's right to a speedy trial. In that stipulation the stated reasons were, among others, "to allow Defendant to further assist counsel in preparation of the case, including reviewing additional discovery and considering pretrial motions."

The Court's Minute Order, to which the Government did not object, specifically states that upon the knowing waiver, the matter would be reset and "the deadlines for pretrial motions . . . shall also be amended." *See,*

Stipulation and Minute Order by Judge Munson dated August 11th.

In its order granting the waiver, the Court found that the ends of justice would be served in allowing the defense further time to review the evidence in preparation for trial. No other deadlines were set as to pretrial motions. One week before trial (which is on December 12th) the parties would file pretrial exhibits and jury instructions, among other things. Noting the provisions of Local Rule 12.1, therefore, the parties contemplated and agreed that good cause, to wit: more time for defense counsel to prepare, warranted resetting the trial date and previously established deadlines. The Court recognized this and allowed such in its order.

Moreover, the Government now reveals one new fact which was never disclosed to the Court or Defendant, (including the Complaint, in the Report of Investigation by Agent Goward, and in the Affidavit in support of the search warrant) that the government supposedly used an electronic tracking. *See,* Opposition to Motion to Suppress at Page 4. At the very least this is sandbagging the Court and Defendant, and requires compliance with the discovery rules governing criminal cases to be fair.

# THE GOVERNMENT'S ARGUMENT THAT THE MOTION SHOULD BE DENIED FOR LACK OF MERIT IS SPECIOUS AND MUST BE REJECTED. THE AGENTS CREATED THE EXIGENT CIRCUMSTANCES AND THE ELECTRONIC TRACKING DEVICE DID NOT LEAD THEM TO MR. DAI'S APARTMENT.

The Government argues that the motion to suppress must be denied because, as it states in conclusory fashion, the agents had probable cause to enter and search Mr. Dai's apartment B-3 based on exigent circumstances to prevent the destruction of evidence. This argument is not an argument. It is a mere conclusion.

The Government goes further to claim that Mr. Dai does not dispute that the agents had probable cause to search Mr. Dai's apartment if they had secured an anticipatory search warrant. *See* Opposition at Page 7. This assertion is both incorrect and flawed in logic. Mr. Dai's argument is that if the agents had sufficient time to secure an electronic monitoring device (as they now claim for the first time) then they had time to secure a search warrant. They didn't. Mr. Dai's argument is that if the Court had reviewed the agents' application for an anticipatory warrant and if they had established the areas and scope of the warrant, they may have had sufficient probable cause to secure a warrant. They didn't and they never had a warrant.

But because the agents were either negligent or too sloppy to do so

(apply for and secure a warrant), they had no warrant so that the search and seizure remains what it is: a warrantless occasion. The only exception is the claim of exigent circumstances. Yet the agents created the exigent circumstances when they lost Mr. Dai. They abandoned their covert surveillance and searched for Mr. Dai. It remains a fact that there was no warrant which allowed entry into Mr. Dai's apartment much less a search. There was no probable cause which led the agents to Mr. Dai's door.

Somehow the Government would have this Court overlook such salient facts and conclude, summarily, that Defendant's motion is without merit. In contrast, the body of case law cited by Defendant establishes that the facts in Mr. Dai's case compel a suppression order for the kind of conduct prohibited by the Fourth Amendment and by the CNMI Constitution protecting places where a person has a legitimate expectation of privacy[1].

The Government now reveals, for the first time, that it used an

---

[1] In this motion Defendant is well aware of the body of case law which establishes that the use of an electronic monitoring device does not violate the Fourth Amendment. *See, U.S. v. Most*, 789 F.2d 1411, 1414 (9th Cir. 1986) and *United States v. Karo*, 468 U.S. 705, 711 (1984). What is salient here is that it was not the tracking or monitoring device which alerted agents to Mr. Dai's apartment. Rather, they were unaware of the location of the package and this created an exigent circumstance of their own making. Agent Goward claimed the exigent circumstance as the basis for his warrantless entry despite the fact that neither he nor his fellow agents saw Mr. Dai enter the apartment. Now they use the electronic tracking device as the basis for the exigent circumstances to wit: that the package was opened.

electronic device which "tracked the package to a limited degree and also to determine when and if the package had been opened." Opposition Brief at 4. What is most noteworthy is that the Prosecutor is making statements or assertions without any declarations and which are unsupported by any declaration or statement of any agent including that of Special Agent Goward. The Government is playing "hide the ball" and this is not amusing.

The agents clearly followed Mr. Dai and saw him enter the Liao Ti Tour Agency. The problem is that Mr. Dai was not within the travel agency. They lost him. For how long? No one knows. The gap in their surveillance caused them to become agitated and hostile. The tracking device did not lead them to Mr. Dai's apartment. Indeed, the agents abandoned their covert surveillance and created an exigent circumstance on their own. Then they accost a "woman" (unidentified) who the agents claim led them to Mr. Dai's apartment. As set forth in support of his motion, the woman, Ms. Huang, gave a sworn declaration directly contrary to the agents' assertions. The woman, Ms. Huang, did not see Mr. Dai enter his apartment. She only knew the general direction of where Mr. Dai lived. *See,* Declaration of Ms. Huang.

As to the agents, all they claim is that the agents recognized Mr. Dai's

shoes outside the apartment door. Shoes. This is what the Government asserts in its opposition brief. Shoes alone do not establish probable cause. As to the electronic transmitter, there is no statement or claim that the device was tracked to the location inside the apartment. Once again, Mr. Dai is left to guess as to the agents' actions or knowledge, in the absence of discovery on these important facts, relating to an illegal search and seizure.

## THE MOTION TO SUPPRESS MUST BE GRANTED

The motion to suppress is timely. Further, the Government is withholding relevant discovery information, such as the information on the tracking device, as some sort of a game with Defendant.

The Government, in its opposition, makes factual allegations unsupported by any statement by Agent Goward or any other agent. They are mere conclusions by the Prosecutor. For example, having lost the object of their surveillance when he entered the tour agency, the Government now claims that Mr. Dai knew he was being followed "causing him to take an evasive path to his apartment." Opposition at Page 8. No agent ever makes that assertion. Again, that assertion is of no moment and amounts to mere conjecture. Moreover, it does not establish probable cause when no one saw Mr. Dai enter the apartment much less the apartment complex.

Also, the Government does not and cannot deny Mr. Dai's statement regarding the overly broad protective sweep by TFA Albert Palacios, among other things. All it points to are tablets in plain view in Mr. Dai's bedroom after their forced entry without probable cause. That evidence should be suppressed. Further, merely seeing Viagra tablets in a bedroom during a protective sweep does not allow an agent to expand that security sweep into closed containers within a freezer. That evidence should also be suppressed.

What happened on June 29th was a "search now and get the warrant later approach." The justifications offered by the Government and the new revelations regarding the electronic tracking device are mere after-the-fact justification for a defective and overly broad search and seizure in violation of Mr. Dai's Fourth Amendment rights.

For the foregoing reasons the Government's argument must be rejected and the motion to suppress must be granted.

Respectfully submitted this 24th day of October, 2005

_____
ROBERT T. TORRES, F0197
Attorney for Defendant.