Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758
Saipan, MP 96950

Tel: (670) 234-7859
Fax: (670) 234-5750

Attorney for DAI, Xiao Jun

F I L E D
Clerk
District Court

DEC - 7 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DAI, XIAO JUN,<br><br>　　　　　Defendant. | Criminal Case No. 05-00022<br><br>**DEFENDANT DAI XIAO JUN'S REPLY TO OPPOSITION TO MOTION TO SUPPRESS SEARCH OF MAIL**<br><br>Date:  December 15, 2005<br>Time: 10 am<br>Judge:  Hon. Alex R. Munson |
|---|---|

　　　Mr. Dai hereby sets forth his reply to the Government's opposition to Mr. Dai's motion to suppress search of mail. In its Opposition, the Government attempts to justify the search of sealed mail by maintaining that *all* packages from the People's Republic of China destined for delivery into the CNMI are routed through San Francisco Customs and Border Protection where they routinely are hand-inspected or x-rayed by U.S.

Customs officers.

Without the benefit of a declaration or any other competent evidence, moreover, the Government admits that pursuant to CBP protocol, Customs Officer F. Orozco searched the sealed parcel via x-ray device and noticed what appeared to be pill shaped items concealed inside the DVD player. Following Customs' opening of the parcel and dissection of its contents, Customs agents referred the matter to Customs Enforcement in Guam to proceed with a controlled delivery.

Based upon a sting operation designed, initiated, and carried out by U.S. Customs officials on mail that was never destined for delivery into a U.S. Customs territory, Dai, Xiao Jun faces charges of trafficking in counterfeit goods in violation of 18 U.S.C. § 2320, and unlawful possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Mr. Dai wishes to make one point painfully clear in this motion. Mr. Dai does not dispute the authority of Customs agents to search via x-ray and/or, pursuant to Customs regulations, inspect mail coming into the United States or mail arriving from outside the Customs territory of the United States which is to be delivered *within* the Customs territory of the United States.

The Commonwealth of the Northern Mariana Islands, however, is not within the Customs territory of the United States.[1]  The Government argues that the border search exception is not limited to searches that occur at the border itself but includes searches that take place at the "functional equivalent" of a border--such as, for example, at the airport prior to a package being sent overseas, or at a post office where *incoming international mail is processed*.[2]  More salient is that the Government does not dispute that a border search is valid only if it is conducted by a person or persons with statutory authority to make such a search, or by persons empowered by a delegation of authority to conduct border searches. *See United States v. Boumelhem*, 339 F.3d 414, 419, 423-24 (6th Cir.2003); *United States v. Victoria-Peguero*, 920 F.2d 77, 81 (1st Cir.1990); *United States v. Whiting*, 781 F.2d 692, 696 (9th Cir. 1986); *United States v. Soto-Soto,* 598 F.2d 545, 548-50 (9th Cir.1979) (suppressing evidence seized by the F.B.I. in purported border search because F.B.I. agents were

---

[1]  See COVENANT TO ESTABLISH A COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS IN POLITICAL UNION WITH THE UNITED STATES OF AMERICA (hereinafter, "Covenant") § 603, 48 U.S.C. § 1601 note, *reprinted in* Commonwealth Code at B-101 et seq.

[2]  *See Almeida-Sánchez v. United States*, 413 U.S. 266, 272-273, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); *United States v. Ramsey*, 431 U.S. 606, 610 n. 2, 97 S.Ct. 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977).

not "persons authorized" to conduct such searches under section 482).[3]

In its Opposition, the Government provides no authority and no evidence to support its bald claim that Customs Agent Orozco was statutorily authorized to make a border search or was empowered by a delegation of authority to conduct a search of a package never destined for delivery *within* the Customs territory of the United States.[4] Not until the Opposition, moreover, did the Government bother to articulate any facts that even raised suspicion about the Package's contents. This fact relates to Mr. Dai's attending discovery motion in failing to provide relevant facts and discovery in preparation for trial.

Because Customs Inspectors were never empowered to search international mail not destined for delivery within the Customs territory of the United States, the search was improper. Regardless of how international mail is handled and by whom, the fact is that the CNMI is a separate customs jurisdiction. One need only appear at the Post Office in Chalan

---

[3] *But see United States v. Hinton, supra*, where the Ninth Circuit noted that where a border search is conducted by a government official not empowered to make the search, "the relevant query is whether a constitutional right, not an agency regulation, has been violated. Consequently, rather than automatically suppress the evidence due to a violation of agency regulations, we must determine whether Hinton has a constitutional right of privacy to the information ... ." 224 F.3d at 675.

[4] See *Id.* at 2:7-8 ("The package ... was addressed to Chen Jian at PMB 212, P.O. Box 10002, Saipan, 96950 ... [and] was purportedly sent from Zhu, Jun at #19, Wen Yi Road, Shene District, China.").

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859

Kanoa each day to plainly see a CNMI Customs Officer inspecting packages "destined for delivery" into the Commonwealth. One need only fill out the form when arriving in the CNMI to understand Mr. Dai's point that the CNMI is a separate customs jurisdiction. Even though the U.S. Postal Service provides mail delivery to the CNMI, it does not follow that the Covenant's provisions for a separate customs jurisdiction for mail, persons, or cargo arriving at or destined for the Commonwealth yield to CBP.

As to the standing issue, pursuant to *United States v. Whiting* and its progeny, *United States v. Hinton*,[5] and *United States v. Sheldon*,[6] then, Mr. Dai has standing to challenge the search and demand that the evidence seized as a result of the search be suppressed and the ensuing indictment dismissed.

**THE GOVERNMENT'S TIMELINESS OBJECTION IS, AT BEST, DISINGENUOUS**

Throughout this case, the Government has provided discovery through what best can be characterized as "drips and drabs." In every paper

---

[5] 222 F.3d 664 (9th Cir. 2000).

[6] 351 F.Supp.2d 1040 (D. Haw. 2004). See also *United States v. Ross*, 102 S.Ct. 2157, 456 U.S. 798, 72 L.Ed.2d 572 (1982); *United States v. Pitts*, 322 F.3d 449 (7th Cir. 2003) (Sealed packages sent through the mail are entitled to full protection under Fourth Amendment); *United States v. Licata*, 761 F.2d 537 (9th Cir. 1985).

Robert Tenorio Torres
Attorney at Law
P.O. Box 503758 - Saipan MP 96950
(670) 234-7859

provided by the Government in this proceeding relating to the basis of the search, the Government has taken the position that it ensued in accordance with some unknown and unarticulated protocol.

Only in the Opposition to Dai's second suppression motion did the Government bother to articulate what it belatedly claims was some reasonable suspicion to conduct the search – and only after Mr. Dai filed his motion, did it furnish evidence from Agent Orozco. Yet in its opposition, the Government avers unsupported factual allegations or records of x-rays confirming that the parcel was not randomly and unlawfully tampered with. The Government's piecemeal policy of parsing out discovery contributed to, if not caused, whatever delay it deems objectionable at this juncture. Since the Government is only now providing discovery confirming the basis for its decision to tamper with the package at issue, it accordingly lacks any basis to complain of some purported harm caused by delay.

More importantly, the protection of fundamental constitutional rights are at issue. Mr. Dai has executed a speedy trial waiver, so that the Government has no cause to complain of prejudice allegedly resulting from the motion's filing.

# CONCLUSION

Jun Xiao Dai seeks suppression of evidence obtained from a package searched in violation of customs regulations by persons without the authority to conduct the search. For the reasons set forth above, the motion is proper and is not untimely, Accordingly, Mr. Dai requests that his request to suppress be granted.

Respectfully submitted this 7th day of December, 2005.

_____
ROBERT T. TORRES